# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laithe Harris, :
                        Petitioner       :
                                         :
        v.                               :     No. 401 C.D. 2020
                                         :
Unemployment Compensation               :
Board of Review,                        :
                        Respondent       :

## AMENDING ORDER

AND NOW, this 30th day of March, 2021, the majority opinion filed with this Court dated March 17, 2021, is amended to reflect the following changes to footnote 14, noted in bold as follows:

> In support of his argument, Claimant cites *Saracino v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1188 C.D. 2016, filed **May 24, 2017**), and *Williams v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 626 C.D. 2016, filed **June 27, 2017**), two unreported and, therefore, non-precedential opinions of this Court. Both of these cases are distinguishable. In *Saracino*, we disallowed evidence of the relevant unemployment compensation handbook on appeal where the section in question was not introduced at the referee hearing. The handbook was otherwise discussed at the referee hearing, however, where the claimant denied that he had any knowledge of the section in question. The Board concluded that the claimant's testimony was credible. Accordingly, we did not permit the Board to cite the section of the handbook on appeal to this Court. *Saracino*, slip op. at 3. In *Williams*, the Board asked this Court to take judicial notice of the unemployment compensation handbook relevant to that case, which the claim record supported was mailed to the claimant. We declined to take judicial notice, citing our sister Superior Court in *In re D.S.*, 622 A.2d 954, 959 (Pa. Super. 1993), for the proposition that "courts should not take judicial notice of something that was neither noticed below nor supported by evidence." *Williams*, slip op. at 3. Here, however, the UC Handbook was noticed

below by the Board. Moreover, official notice is broader than judicial notice in permitting the Board to recognize its own records. Our opinion here, therefore, is not in conflict with the precedent of this Court.

A corrected copy of the opinion and order is attached.


_____

P. KEVIN BROBSON, Judge